FALL 1810.
First District.

ELMES
vs.
ESTEVAN.

judgment on motion against the bail, unless good cause be shewn. When at this point we are precisely where bail on a *Sci. fa.* would be when called upon to shew cause. The same cause which could successfully be shewn in England would prevail here, with perhaps the exception of a forced surrender, as our statute contemplates a voluntary one only.

———◦※◦———

### ELMES vs. ESTEVAN.

PENDING the suit, the defendant made a *cessio bonorum,* and the plaintiff proceeded to judgment.

*Brown* for the Syndics. The judgment is irregular and ought to be set aside. When a debtor cedes his goods to his creditors, the Judge who orders a meeting of the creditors, directs a stay of proceedings. It is therefore irregular to go on to judgment in suits against him. Farther, the cession operates the civil death of the debtor. He cannot consequently remain a party in a suit.

*Prevost* for the plaintiff. The suit originated by a writ of seizure, which is a proceeding *in rem.* On the cession the premises pass to the creditors *cum onere.* A creditor who has a lien on any part of the estate of his debtor, is not bound to take any notice of an assignment made by the debtor. Whoever has acquired any interest in the premises is sufficiently notified by the seizure, and will on application be admitted to defend the suit.

*By the Court.* The Judge's order stops all proceedings against the debtor, whether they be carried on against his person, general estate, or any part of it. All proceedings against his person or property are irregular. He becomes by his cession disinterested, in a certain degree. His rights pass to other persons, and cannot be affected by legal proceedings to which the new owners are not parties.

JUDGMENT SET ASIDE.